[Crim. No. 25486. Second Dist., Div. Five. Apr. 28, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES LEE KAZEE, Defendant and Appellant.

594

## COUNSEL

M. Allan Rosenthal, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KAUS, P. J.—Defendant was charged with seven counts of incest. (Pen. Code, § 285.) The victim on counts I through V was his daughter, C. His other daughter, S., was the victim named in counts VI and VII. Defendant was found guilty on two counts involving C. and one count concerning S. After abortive MDSO proceedings, defendant was sentenced to concurrent prison terms.

On appeal, defendant's appointed counsel wisely does not challenge the sufficiency of the evidence to support the convictions. Rather, he claims that the trial was infected by error in three respects: First, the

admission of evidence of sexual relations by each of the daughters with other men, with implicit or explicit suggestions that such relations were encouraged by defendant; second, the admission of evidence of beatings and other acts of brutality on the part of defendant toward the victims and other members of his family; and, third, the admission of evidence of sexual relations between defendant and two older stepsisters of S. and C.—daughters of defendant's wife from a prior relationship.

■ The first two points have no merit whatever. Issues concerning the sexual relationships between the victims and other men were injected into the trial by defendant's own counsel and for a very good reason: the defense was a complete denial, coupled with a claim that the victims' accusations against defendant were triggered by his sometimes rather vigorous opposition to the daughters' sex life.

Defendant's assaultive conduct toward members of his family was legitimately developed by the prosecution—without objection, incidentally—to show a reason for the victims' submission to defendant's sexual demands.[1]

■ The only point worth discussing is the third: the admission, over objection, of evidence that defendant had forced himself on the victims' stepsisters.[2]

No real contention is made by the People that the modus operandi of defendant, vis-a-vis D. and R., evidenced such striking similarities that it points to defendant as the perpetrator of the offenses against S. and C. Indeed, there was no issue of identity. The case is, however, on all fours with *People* v. *Covert*, 249 Cal.App.2d 81 [57 Cal.Rptr. 220]. In *Covert*, the court demonstrated that in a case such as this the admissibility of similar acts of sexual misconduct cannot be justified on any theory except as a permissible attempt to buttress the credibility of the

---

[1]Again, one suspects that defense counsel was well satisfied to have the prosecution depict his client as a domestic tyrant. The charge was incest, not battery or child beating. Motives for false accusations were strong defense ammunition. Unfortunately, if that was the defense tactic, defendant's later denials of brutality as charged by the prosecution witnesses, undermined it.

[2]The older stepsister, R., was 19 years old at the time of trial. She had had sexual relations with defendant when she was 7 years old, which relations continued sporadically until she was 12. The other stepsister, D., was two years younger than R. She had had intercourse with defendant about four times. The victim S. testified that she had first had intercourse with defendant when she was nine years old. The incident charged in the information took place about six years later. The other victim, C., testified to several incidents, starting when she was about 12 and continuing for over 6 months.

prosecuting witness against the inevitable defense challenge.[3] The correctness of the *Covert* analysis was soon demonstrated by two Supreme Court decisions. In *People* v. *Cramer,* 67 Cal.2d 126, 129 [60 Cal.Rptr. 230, 429 P.2d 582], the defendant was charged with oral copulation with a 13-year-old boy. Evidence of similar sexual misconduct with another boy, given by the other boy was held properly admitted. A few months' later, however, in *People* v. *Stanley,* 67 Cal.2d 812 [63 Cal.Rptr. 825, 433 P.2d 913]—a similar prosecution for misconduct with a 10-year-old boy—the victim's own testimony of other acts of misconduct by the defendant with the victim and others, was held to have been improperly admitted. The reason given was that "where the basic issue of the case is the veracity of the prosecuting witness and the defendant as to the commission of the acts charged, the trier of fact is not aided by evidence of other offenses where that evidence is limited to the uncorroborated testimony of the prosecuting witness." (*Id.,* at p. 817.)

*Stanley* is thus a clear vindication of the *Covert* theory that the rationale for admissibility of evidence of sexual misconduct with others, in cases where there is no issue as to identity, absence of accident, and so forth, is simply corroboration of the complaining witness. Where such corroboration comes from the mouth of another witness, we admit it. When it consists of nothing but the complaining witness corroborating himself, we reject it.

The judgment is affirmed.

Stephens, J., and Ashby, J., concurred.

---

[3]There is an obvious analogy to the admissibility of prompt complaints by the prosecutrix in rape cases. See, e.g., *People* v. *Burton,* 55 Cal.2d 328, 351 [11 Cal.Rptr. 65, 359 P.2d 433]: ". . . It is natural to expect that the victim of such a crime would complain of it, and the prosecution can show the fact of complaint to forestall the assumption that none was made and that therefore the offense did not occur."